AMANDA PATANAPHAN, ESQ.
Nevada Bar No. 15080
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: amanda.patanaphan@jacksonlewis.com

PATRICK O. PETERS, ESQ. (*Pro Hac Vice Petition Pending*)
Ohio Bar No. 79539
**JACKSON LEWIS P.C.**
6100 Oak Tree Blvd.
Cleveland, OH 44131
Telephone: (216) 750-0404
Email: patrick.peters@jacksonlewis.com

*Attorneys for Defendant*
*Progressive Casualty Insurance Company*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THERESA BEARD, Pro Se,<br><br>                    Plaintiff,<br>  vs.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY.<br><br>                    Defendant. | Case No.: 2:25-cv-02260-DJA<br>**ORDER RE:**<br><br>**DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO:**<br><br>**(1) PLAINTIFF'S VERIFIED PETITION (ECF NO. 21); AND**<br><br>**(2) PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ERRATA TO COMPLAINT (ECF NO. 22)**<br><br>**(FIRST REQUEST)** |

Defendant Progressive Casualty Insurance Company ("Defendant" or "Progressive"), by and through its counsel, the law firm of Jackson Lewis P.C., hereby submits the instant Motion for Extension of Time to Respond to Plaintiff's Verified Petition and Plaintiff's Opposition to

Defendant's Partial Motion to Dismiss Plaintff's Complaint and Errata to Complaint (the "Motion"). This Motion is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any oral argument that the Court deems proper.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND[1]

As alleged in Plaintiff's Complaint, Plaintiff was a claims adjuster working for Defendant. *See* ECF No. 11 ¶¶ 5-6. Plaintiff is African American. ECF No. 11 ¶ 6 ("Plaintiff and at least one other African American adjuster"). In August 2023, Plaintiff alleges she and other team members contracted COVID-19 after attending a mandatory in-office meeting held without safety protocols. ECF No. 11 ¶ 4. Subsequently, Plaintiff alleges she developed severe symptoms, which required her to have medical care and take intermittent leave. *Id.* She alleges she emailed her supervisor Remi Pounce and manager Jeremy Brown regarding contracting COVID-19 at the workplace and sent them a screenshot of her positive test results and documented medical diagnosis. *Id*.

Upon Plaintiff's return to work, Plaintiff alleges she requested assistance consistent with company practice for employees returning from medical absences, but she alleges her request was dismissed and she "was still forced to endure this disparity." *Id*.; *see also* ECF No. 11 ¶ 9. Specifically, Plaintiff alleges she developed a backlog of claims. ECF No. 11 ¶ 5. Plaintiff alleges her health continued to decline, including worsening symptoms which included development of anxiety, panic attacks, and vertigo, which caused her to fall frequently and require medical treatment, which included medication and resulted in a keloid scar on her right thigh. *Id*.

Plaintiff alleges she was not given any medical accommodation or relief to her backlog of claims. *Id*. Additionally, Plaintiff alleges she emailed her manager Jeremy Brown raising concerns about the manual claim allocation process, requesting Mr. Brown "investigate and address what appeared to be an unfair and inconsistent distribution of claims" that Plaintiff alleges resulted in Plaintiff "and at least one other African American adjuster [] getting the most complex time-

---

[1] Defendant does not admit any of the allegations or claims set forth in the Complaint. The factual contentions set forth herein are drawn exclusively from Plaintiff's Complaint. Defendant reserves the rights to dispute Plaintiff's allegations and claims and denies and disputes Plaintiff's allegations and claims for all other purposes.

consuming claims while their peers among other racial classes were getting the easy work." ECF No. 11 ¶ 6. Plaintiff alleges Mr. Brown dismissed the issue, describing the process as a "pilot process" and took no corrective action. *Id*.

Plaintiff further alleges she had a meeting on an unspecified date with an unnamed HR Manager after Plaintiff reported ongoing discrimination, unfair workload practices, and a hostile work environment. ECF No. 11 ¶ 7. Plaintiff alleges she told the HR Manager regarding the backlog of claims, the disproportionately complex manual claim assignments, and experience of "serious Long COVID symptoms without any accommodation", as well as being in a hostile work environment due to "daily verbal harassment from Supervisor, Vanessa Casteneda." *Id*. Plaintiff alleges she requested relief, support, and job security from the HR Manager, but the HR Manager made a discriminatory and inappropriate remark instead, telling Plaintiff "if she were the Plaintiff's age and dealing with anxiety, she would look for another job." *Id*. Plaintiff further alleges the HR Manager notified Plaintiff she could "stall the termination" to give Plaintiff time to find employment elsewhere. *Id*. Nevertheless, Plaintiff also alleges the HR Manager did temporarily stop new claim assignments for Plaintiff to "catch up and 'get a fresh start.'" ECF No. 11 ¶ 8.

Plaintiff further alleges that Ms. Casteneda further introduced a "new, much younger adjuster who was White" as a new team member, signifying Plaintiff's removal and replacement. *See* ECF No. 11 ¶ 8. Plaintiff alleges she was terminated within one day of finishing the last file in her backlog of claims. *Id*.

Defendant filed its partial motion for dismissal on December 30, 2025 [ECF No. 17]. Plaintiff's opposition was thus due by January 13, 2026, but she filed it on January 8, 2026 along with a verified petition. Based on this date, Defendant's reply is due a week later, on January 15, 2026. Defendant requests an extension up to and including Thursday, **January 22, 2026**, to file a response to Plaintiff's verified petition and response to Defendant's motion for partial dismissal.

## I.    <u>LEGAL ARGUMENT</u>

FRCP 6(b)(1) provides that when an act must be done within a specified time, the Court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires . . . ." "Good cause" is not a

3

rigorous or high standard, and courts have construed the test broadly. *Ahanchion v. Kenan Pictures*, 624 F.3d 1253 (9th Cir. 2010). Rule 6(b) "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983); *Wong v. Regents of the Univ. of Calif.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Of course, courts should not mindlessly enforce deadlines."). Indeed, the "good cause" standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013).

In general, an application for extension of time under Rule 6(b)(1)(A) will be granted in the absence of bad faith. *Ahanchion*, 624 F.3d at 1259 (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (3d ed. 2004)) (internal quotations omitted).

Here, good cause exists to extend the deadline for Defendant to respond to Plaintiff's verified petition and response to Defendant's motion for partial dismissal (ECF Nos. 21 and 22) as Defendant's counsel continues to work through heavier than normal caseloads given the departure of a couple of associate attorneys from the firm and an increase in litigation matters assigned to the office. *See Lomax v. Hutchings*, No. 2:23-cv-01284-CDS-EJY, 2025 U.S. Dist. LEXIS 111282, at *1 (D. Nev. June 6, 2025) (granting defendants' motion to extend deadline to file their motion for summary judgment where defendants' counsel had obligations in other matters that prevented him from meeting the dispositive motion deadline); *Michaud v. Baker*, No. 3:17-cv-00718-MMD-CBC, 2019 U.S. Dist. LEXIS 53069, at *2 (D. Nev. Mar. 19, 2019) (citing *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D. Pa. 1962) (explaining that the "practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline). Defendant makes such request in good faith and not for the purpose of delay.

Defendant brings the instant motion before the deadline to respond has expired and thus within the requirements of FRCP 6(b)(1). *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (requests for extensions of time made before the applicable deadline has passed should generally be granted in the absence of bad faith or prejudice to adverse party).

4

Considering the circumstances detailed above, Defendant submits that its request for an extension up to and including **January 22, 2026** is reasonable. This is the first request from Defendant for an extension of time to respond to Plaintiff's verified petition and response to Defendant's partial motion for dismissal, and Defendant makes such request in good faith and not for the purpose of delay.

Accordingly, good cause exists to grant Defendant's Motion and allow Defendant up to and including Thursday, **January 22, 2026** to respond to Plaintiff's Verified Petition and Response to Defendant's Motion for Partial Dismissal (ECF Nos. 21 and 22).

DATED this 15th day of January, 2026.

JACKSON LEWIS P.C.


*/s/ Amanda Patanaphan*
AMANDA PATANAPHAN, ESQ.
Nevada Bar No. 15080
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

PATRICK O. PETERS, ESQ.
(*Pro Hac Vice Petition Pending*)
Ohio Bar No. 79539
6100 Oak Tree Blvd.
Cleveland, OH 44131

*Attorneys for Defendant*
*Progressive Casualty Insurance Company*

Having reviewed Defendant's motion for extension of time (ECF No. 27), which seeks only a week-long extension, the Court finds good cause to GRANT it.

IT IS THEREFORE ORDERED that the motion (ECF No. 27) is GRANTED.

IT IS FURTHER ORDERED that Defendant's reply in support of its motion to dismiss (ECF No. 17) is due January 22, 2026.

IT IS FURTHER ORDERED that Defendant's response to Plaintiff's verified petition (ECF No. 21) is due January 22, 2026.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to SEND Plaintiff a copy of this order.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE
DATED: January 20, 2026

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 15th day of January, 2026, I caused to be served via electronic mail and the Court's CM/ECF Filing, a true and correct copy of the above foregoing **DEFENDANT PROGRESSIVE CASUALTY INSURANCE COMPANY'S MOTION FOR EXTENSION OF TIME TO RESPOND TO (1) PLAINTIFF'S VERIFIED PETITION (ECF NO. 21); AND (2) PLAINTIFF'S OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND ERRATA TO COMPLAINT (ECF NO. 22) (FIRST REQUEST)** properly addressed to the following:

Theresa Beard
915 Alper Center Dr
Building 2 Unit 2110
Henderson, NV 89052
(725) 230-0567
jhcmdkt@icloud.com

*Plaintiff in Proper Person*

/s/ Amanda Patanaphan
Employee of Jackson Lewis P.C.

4920-8104-9736, v. 1

6